IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH E. WOOD, JR., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-641-RGA |
| CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., et al., | : |
| Defendants. | : |

Kenneth E. Wood, Jr., Sussex Correctional Institution, Georgetown, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 19, 2021
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Kenneth E. Wood, an inmate at Sussex Correctional Institution in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983 on May 3, 2021. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). Plaintiff moves for an order to convene a negligence panel. (D.I. 10). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a). The motion will also be addressed.

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

Plaintiff alleges deliberate indifference to serious medical needs in violation of the Eighth Amendment and violations of his right to due process under the Fourteenth Amendment. (D.I. 2 at 10, 11). Plaintiff names two contract medical providers to the Delaware Department of Correction as defendants: Connections CSP and Centurion. Centurion became the contract medical provider on April 1, 2020. On August 12, 2021, Connections filed a suggestion of bankruptcy and this matter is stayed as to Connections and its employees Dr. Curtis Harris and Sheri L. McAfee-Garner pursuant to Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a). The case is not stayed as to McAfee-Garner for acts taken after April 1, 2020, when it appears she became employed by Centurion.

1

Plaintiff alleges his claims began in November 2018 and continued through March 4, 2021. (D.I. 3 at 4, 9). Plaintiff's claims concern nerve damage in his left foot and pain medication that was discontinued by medical personnel. (*Id*. at 4-7).

In early December 2019, Plaintiff was transferred to Alabama to resolve an open detainer. (*Id*. at 7). While there medical staff placed him on Tramadol and increased Lyrica to the amount he was originally prescribed. (*Id*.). When Plaintiff returned to SCI on March 3, 2010, without being seen, he was taken off Tramadol and lidocaine patches. (*Id*.). Plaintiff submitted sick call slips to have the medications reinstated and was told that he could not receive Tramadol "per policy." (*Id*.). Plaintiff was told by the physician that he knew Plaintiff was in extreme pain, but he could not help him. (*Id*.).

Plaintiff submitted a grievance on March 7, 2020 to receive lidocaine patches. (*Id*.). In the meantime, Plaintiff was prescribed cream for his condition. (*Id*.). Defendant Mike Records denied Plaintiff's grievance because he had been prescribed the cream. (*Id*.).

Centurion became the health care provider on April 1, 2020. On April 17, 2020, Plaintiff submitted a grievance and asked to be placed on Tramadol for pain until he could have surgery. (*Id*. at 8). On May 7, 2020, Plaintiff filed separate appeals on his grievances and requested a resolution of his medical issues, one of which included receiving medication that had been discontinued. (*Id*.). One grievance was resolved and, as of April 1, 2021, Plaintiff had not received a final ruling from Records on the other grievance. (*Id*. at 8-9).

On an unnamed date, Centurion filled a medical order for Plaintiff to receive new high-top shoes or boots, but with a pair of low-top sneakers. (*Id.* at 9). Plaintiff alleges the sneakers were the only shoes that Centurion would provide and the shoes neither supported or helped his foot or ankle problems. (*Id.*). On March 4, 2021, Garner took Plaintiff off a medication without seeing him when Plaintiff requested a refill of his cream. (*Id.*). Plaintiff did not have the needed cream for over a month until an outside medical provider reordered the cream. (*Id.*).

Plaintiff seeks injunctive and declaratory relief, as well as compensatory damages.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his

complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

4

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Statute of Limitations**. Plaintiff alleges that his claims began in November 2018. He filed his complaint on April 26, 2021 as determined by the prisoner mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002); *Rivers v. Horn*, 2001 WL 312236, at *1 n.1 (E.D. Pa. March 29, 2001) (extending *Houston* to *pro se* prisoner § 1983 complaints).

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. Code § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue

5

"when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.,* 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby,* 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir. 2006)). Hence, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff complains of acts occurring beginning in November 2018 when Connections was the medical contract health care provider. Centurion became the contract health care provider on April 1, 2020. Plaintiff did not file his Complaint until April 26, 2021. It is evident from the face of the Complaint that all claims that accrued prior to April 26, 2019 raised against any named defendant are barred by the two year limitations period. Therefore, all claims that accrued prior to April 26, 2019 will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**Respondeat Superior**. Plaintiff has named Commissioner Claire DeMatteis as a defendant but the Complaint contains no factual allegations against her. He alleges that DeMatteis failed to fulfill her duties and responsibilities as Commissioner. (D.I. 2 at 11).

6

He also alleges in a conclusory manner that she did not provide for proper training of the SCI medical department and did not maintain a proper contract to provide adequate medical care. (*Id.*).

In reading the allegations, it is clear that DeMatteis has been named as a defendant based upon her supervisory position. There is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action is not responsible for constitutional violations that she did not participate in or which she did not approve. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); see also *Polk County v. Dodson*, 454 U.S. 312, 325, (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). In addition, a non-medical prison official must either actually know, or have reason to believe, that prison doctors are mistreating or not treating the prisoner to be liable for deliberate indifference. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Plaintiff does not allege that DeMatteis participated in or approved of any alleged wrongdoing. Nor are there allegations that DeMatteis either actually knew, or had reason to believe, that Plaintiff was being mistreated in any way by prison staff. As pled, the complaint fails to state a facially plausible claim against DeMatteis and the claim will be dismissed. The Court find amendment futile as to this claim.

7

**Grievances**. Plaintiff alleges that Records violated his right to due process and access to the courts when he withheld ruling on grievances and caused Plaintiff to wait several months to file this action. (D.I. 2 at 11). Plaintiff takes exception to the grievance process.

The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006). To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court. *Winn v. Department Of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729).

Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the Court will dismiss the claims against Records as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment is futile as to the claims raised against him.

**Medical**. At this juncture, Plaintiff has alleged what appear to be cognizable and non-frivolous claims against Garner (as a Centurion employee) and Centurion. He may proceed with the medical claims.

**Medical Negligence Panel**.  Plaintiff asks the court to convene a medical negligence review panel as proscribed under 18 Del. C. § 6814 on the grounds that he plans on filing an amended complaint that will raise negligence claims that relate to the original alleged actions.  (D.I. 10).

Pursuant to Delaware Superior Court Civil Rule of Procedure Rule 71.2(b), "a party may file a demand to convene a malpractice review panel at any time subsequent to entry of appearance by all defendants who have been served and after a reasonable time for discovery unless otherwise stipulated to by the parties or ordered by the Court." Del. Sup. Ct. Civ. R. Proc. 71.2(b).  Section 6853(e) of the Delaware Health Care Negligence Insurance and Litigation Act provides in pertinent part:

> No liability shall be based upon asserted negligence unless expert medical testimony is presented as to the alleged deviation from the applicable standard of care in the specific circumstances of the case and as to the causation of the alleged personal injury or death, except that such expert medical testimony shall not be required if a medical negligence review panel has found negligence to have occurred and to have caused the alleged personal injury or death and the opinion of such panel is admitted into evidence. . . .

18 Del. C. § 6853(e). The Delaware Superior Court reads § 6853(e) and Rule 71.2 together, and is satisfied that, where a timely demand to convene a medical malpractice review panel has been filed, no affidavit of merit is required under Section 6853.  *See Miller v. Taylor*, 2010 WL 3386580, at *2 (Del. Super .Aug. 19, 2010).

Section 6814 of the Delaware Health Care Negligence Insurance and Litigation Act provides that the Delaware Insurance Commissioner shall convene a medical negligence review panel at the request of a Federal District Court Judge sitting in a civil

9

action in the District of Delaware alleging medical negligence in the manner instructed by the said federal court, but also in a manner as consistent as possible with the process of selecting such panels provided for in Superior Court actions. *See* 18 Del. C. § 6814. The caveat to this section, however, is that the Insurance Commissioner shall not convene any such panels at the request of any such federal court "unless provisions are made for the payment of the compensation and expenses of such panelists and the compensation and expenses of all witnesses called by such panel out of the funds other than those of the General Fund of the State." *Id.*

The Court lacks authority to appoint a medical review panel for Plaintiff at the public's expense. *See, e.g., Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) ("Congress has authorized the courts to waive prepayment of such items as filing fees and transcripts if a party qualifies to proceed *in forma pauperis*. 28 U.S.C. § 1915. However, we have been directed to no statutory authority nor to any appropriation to which the courts may look for payment of expert witness fees in civil suits for damages. Provisions have been made for expert witness fees in criminal cases, 18 U.S.C. § 3006A(e)(1), but not in civil damage suits."). Nor has Plaintiff, who has been granted *in forma pauperis* status, indicated that he has the financial means for compensation and expenses of the medical review panel. Therefore, the Court will deny without prejudice the motion to convene a medical negligence review panel. The Court will

10

reconsider the request upon a showing by Plaintiff of his financial ability to pay the compensation and expenses of the medical review panel.[1]

## CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice Plaintiff's motion to convene a negligence panel (D.I. 10); (2) dismiss all claims that accrued prior to April 26, 2019 as time-barred and dismiss Defendants Claire DeMatteis and Mike Records and the claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); and (3) allow Plaintiff to proceed against Sheri L. McAfee-Garner (as a Centurion employee) and Centurion.

An appropriate Order will be entered.

---

[1] I note that Judges Sleet and Stark of this Court have followed this exact same line of reasoning before. Indeed, they are the only judges who have ever cited *Miller v. Taylor*. In particular, no state court judge has ever cited the case. I am not entirely convinced that I agree with *Miller v. Taylor*, and I am not bound by a Superior Court decision, but, under the circumstances, I do not have to give my doubts more thorough thought.

11