IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH E. WOOD, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 21-641-RGA |
| | : | |
| CONNECTIONS COMMUNITY | : | |
| SUPPORT PROGRAMS, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

1. **Introduction**. Plaintiff Kenneth E. Wood, now an inmate serving a Florida sentence at the Regional Medical Center in Lake Butler, Florida (D.I. 17 at 2; D.I. 21), filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff was housed at Sussex Correctional Institution in Georgetown, Delaware, when he commenced this action. (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4, 8). On November 19, 2021, the Court screened Plaintiff's Complaint and Plaintiff was allowed to proceed against Defendants Sheri L. McAfee-Garner (as a Centurion employee) and Centurion. (D.I. 14, 15) Before the Court are Plaintiff's motion to amend, request for counsel, and motion for reconsideration. (D.I. 16, 17, 20).

1. **Motion to Amend**. Plaintiff filed a motion for leave to file a supplemental/ amended complaint on November 24, 2021. (D.I. 16). The motion is dated November 15, 2021, postmarked November 18, 2021, and was docketed on November 24, 2021. (*Id.*). Plaintiff seeks to add two defendants; John P. May, chief medical officer for Centurion, and Dennis Kondash, statewide medical director for Centurion. (D.I. 16 at

1

2).  Plaintiff provided the Court with a copy of the proposed amended complaint.  (D.I. 16-1).

2. Pursuant to Fed. R. Civ. P. 15(a)(2), courts "should freely give leave [to amend] when justice so requires."  However, "undue delay, bad faith, dilatory motive, prejudice, [or] futility" could all "justify a denial of leave to amend."  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6).  *Lejon-Twin El v. Marino*, 722 F. App'x 262, 265 (3d Cir. 2018) (quoting *Shane*, 213 F.3d at 115).  In evaluating whether a plaintiff has stated a claim upon which relief could be granted, the court accepts "all factual allegations as true, construes the complaint in the light most favorable to the plaintiff, and determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 344 (3d Cir. 2015) (internal quotation mark omitted).

3. The motion will be denied based upon futility of amendment as the proposed amended complaint indicates that the administrative remedies were not exhausted at the time of the motion for leave to amend.  *See* 42 U.S.C. § 1997e(a) (The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

4. Plaintiff submitted the proposed amended complaint on November 24, 2021.  Its new allegations include that Plaintiff submitted medical grievance 578392 on

2

September 29, 2021, after he learned that Kondash had denied a grievance for an outside medical consult and that May had the final say on it. (D.I. 16-1 at 10). The proposed amended complaint goes on to allege that grievance 578392 was returned as "unprocessed" as a duplicate to grievance 577568 (apparently the grievance denied by Kondash and upheld by May) and it was awaiting appeal. (*Id*. at 10-11). The allegations, indicate, therefore, that the claims against Kondash and May were not exhausted at the time Plaintiff sought leave to amend to add the claims. Therefore, amendment is futile as to those claims. The motion will be denied.

5.      **Request for Counsel**.  Plaintiff requests counsel on the ground that he is unable to afford counsel and has been granted leave to proceed *in forma pauperis*, the case involves complex medical issues and may require expert witnesses, he has limited law library access, he has unsuccessfully sought retained counsel, his transfer to the Florida Department of Correction will make it "almost impossible" to gather needed information and materials, and he has limited knowledge of the law. (D.I. 17).

6.      A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.  See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

7.      After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel.  Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case

considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.  The list is not exhaustive, nor is any one factor determinative.  Tabron, 6 F.3d at 157.

8.     I have reviewed the docket in this case as well as Plaintiff's filings.  To date, Plaintiff has ably represented himself in this matter.   In addition, while Plaintiff raises medical issues, they do not appear to be complex.  Finally, Plaintiff will be able to obtain necessary documents through the discovery process.  Upon consideration of the entire record, I have concluded that counsel is not warranted.  Therefore, the Court will deny Plaintiff's request for counsel without prejudice.

9.     **Reconsideration**.   Plaintiff moves for reconsideration of the dismissal of Mike Records.  (D.I. 14).  Plaintiff contends that the Court misconstrued his claim against Records.  He states that his claim is that Records deliberately withheld ruling on grievance 503005 to try to prevent him from filing his complaint in a timely fashion, even to the point of violating prison policies.

10.    The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Such a motion must rely on one of three grounds:  (1) new law; (2) new evidence; or (3) the need to correct a

4

clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

11. The Court has reviewed the complaint and dismissal order. Even when considering Plaintiff's claims against Records as he explains in the instant motion, Plaintiff has provided no grounds that warrant reconsideration. If Plaintiff's claim is based upon Records' failure to abide by prison policy, the claim fails. "To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir.2005). "[Section] 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). State regulations such as Department of Correction policies do not give rise to a liberty interest. *See Rambert v. Beard*, 2012 WL 760619, at *13 (M.D. Pa. Mar. 7, 2012) (compiling cases and holding, "Federal and state regulations in and of themselves do not create a liberty interest" in the disputed DOC procedure at issue). Here, Plaintiff claims Records did not follow prison policy and that is not a constitutional violation.

12. To the extent Plaintiff claims that Records tried to prevent him from commencing this action in a timely manner through the delay in ruling on grievances, the claim also fails. The statute of limitations is tolled while a state prisoner exhausts his administrative remedies. *See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478 (3d Cir. 2019). Therefore, a delay in ruling on

6

Plaintiff's grievance does not affect the limitation period.  Plaintiff provides no grounds for reconsideration.  The motion will be denied.

13.  **Conclusion**.  Based upon the above discussion, the Court will: (1) deny Plaintiff's motion for leave to amend (D.I. 16); (2) will deny without prejudice Plaintiff's request for counsel (D.I. 17); and (2) deny Plaintiff's motion for reconsideration (D.I. 20). A separate order shall issue.

       /s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

January 21, 2022
Wilmington, Delaware