IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH E. WOOD, JR.,                          )
                                               )
                   Plaintiff,                  )
                                               )
        v.                                     ) Civil Action. No. 21-641-RGA
                                               )
CONNECTIONS COMMUNITY                          )
SUPPORT PROGRAMS, INC., et al.                 )
                                               )
                   Defendants.                 )

**MEMORANDUM ORDER**

At Wilmington this 20th day of December, 2022, having considered Plaintiff's

motion to compel discovery (D.I. 49) and related briefing (D.I. 51, 52);

IT IS HEREBY ORDERED that the motion (D.I. 49) is **GRANTED** in part and

**DENIED** in part, for the reasons that follow:

1.      At issue are Defendants' untimely[1] responses to Plaintiff's requests for

production of documents, in which Defendants objected to every request.  (D.I. 50-3).

2.      "Parties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources,

the importance of the discovery in resolving the issues, and whether the burden or

---

[1] The Parties disagree on whether Plaintiff served Defendants properly.  (D.I. 51 at 1-2; D.I. 52 at 1).

expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

3.      In Request No. 1, Plaintiff seeks his "Complete Medical file/record; both paper or electronic[ally] from July 5, 2012 – December 2021."  Defendants object on the ground that although they have access to Plaintiff's medical records, they are not the custodian of the records, and that Plaintiff should request the records from the Delaware Department of Correction ("DOC"), as is purportedly required under 11 Del. C. § 4322. That is not my reading of section 4322, and I take judicial notice of the fact that healthcare service providers that contract with DOC have regularly provided plaintiffs' medical files in litigation before this Court.[2]  The motion to compel is **GRANTED** as to Request No. 1, and Defendant Centurion is directed to produce within 30 days from the date of this Order all Plaintiff's medical records from the requested time period to which it has access.

4.      In Request No. 2, Plaintiff seeks a "complete copy of the plaintiff's Institutional file/record from July 8, 2012 – December 2021."  Defendants object on the ground that the DOC is the custodian of institutional files/records.  Plaintiff withdrew the

---

[2] Notably, in other cases before this Court, the DOC has objected to requests to produce inmate medical records on the ground that the records should be sought from the healthcare service providers with which the DOC contracts, rather than from the DOC itself.  *See, e.g.*, *Cotton v. Campbell*, 2016 WL 2742386, at *3 (D. Del. May 10, 2016); *Miller v. Taylor*, 2009 WL 4403193, at *1 (D. Del. Nov. 30, 2009).

request.  (D.I. 51 at 4).  Thus, this objection is **SUSTAINED** and the motion to compel is **DENIED** as to Request No. 2.

5.      In Request No. 3, Plaintiff seeks "[a]ll medical grievances from Level 1 – Level 3 that Plaintiff filed from July 8, 2016 – December 2021."  Defendants object on the ground that DOC, rather than Defendants, is the custodian of medical grievance files.  DOC may be the custodian, but that does not necessarily mean that Defendants do not have access to them.  In my experience with cases of this type, I often see that resolution of medical grievances requires input from the healthcare service providers. Publicly-available DOC policies show as much. But I do not know whether Defendants can produce them or not, as DOC policy states, "Copies of offender grievances shall never by placed in an offender's healthcare record."

https://doc.delaware.gov/assets/documents/policies/policy_11-A-10.pdf.  Thus, the motion to compel is **GRANTED** as to Request No. 3, and Defendants are directed to produce within 30 days from the date of this Order all of Plaintiff's medical grievances from the requested time period, *but only to the extent that Defendants have access to them or can obtain them from the DOC*.  If Defendant Centurion does not have access and cannot obtain them from the DOC, Centurion is required to update its response to the Request to say that.

6.      In Request Nos. 4, 5, 7, and 8, Plaintiff seeks various relevant policies, directives, instructions, reports, and memos related to Defendants' administration of medical care.  Defendants object on the grounds that these requests are vague, ambiguous and overly broad, and that they are equally accessible to Plaintiff and Defendants from the DOC and the internet.  I do not find these requests to be vague,

3

ambiguous or overbroad, particularly in light of Plaintiff's claims against Defendant

Centurion.  Furthermore, Plaintiff is now incarcerated in Florida, and asserts that he has

no access to the DOC or the internet.  The motion to compel is **GRANTED** as to

Request Nos. 4, 5, 7, and 8, and Defendants are directed to produce within 30 days of

the date of this Order, all relevant Centurion[3] policies, directives, instructions, reports,

and memos.

7.      In Request No. 6, Plaintiff seeks a "printed copy of the complete contract

between Centurion and the Delaware Department of Correction[] to provide Medical

Care for the State of Delaware."  Defendants object on the ground that this contract is

not relevant to any claims or defenses asserted in this case.  This objection is

**SUSTAINED** and the motion to compel is **DENIED** as to Request No. 6.


/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff makes it clear he is seeking policies, etc., of Centurion, not of the DOC, applicable to the various topics he identifies. (D.I. 51 at 8).