IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH E. WOOD, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action. No. 21-641-RGA |
| | ) |
| CONNECTIONS COMMUNITY | ) |
| SUPPORT PROGRAMS, INC., et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 4th day of March, 2024, having considered Plaintiff's motion to order defendants to comply with memorandum order (D.I. 74), the Centurion Defendants' motion for summary judgment (D.I. 79), Plaintiff's motion to stay summary judgment motion (DI. 84), Plaintiff's motion requesting ruling on request for order (D.I. 86), and Plaintiff's request for appointed counsel (D.I. 95);

1. In Plaintiff's October 3, 2022 motion to compel, he asked me to compel the Centurion Defendants to produce, *inter alia*, his medical records from July 5, 2012 through December 2021, his medical grievances from July 8, 2016 through December 2021, and various Centurion policies, directives, instructions, reports, and memos. (D.I. 49). The Centurion Defendants objected to the requests for medical records and medical grievances on one specific ground--that the Delaware Department of Correction ("DDOC"), and not Centurion, is the custodian of Plaintiff's medical records and medical grievances. (D.I. 40 at 3-4). The Centurion Defendants objected to the request for the policies, directives, instructions, reports, and memos related to Defendants'

1

administration of medical care on the grounds that requests were vague, ambiguous and overly broad, and that they were equally accessible to Plaintiff and Defendants from the DDOC and the internet.

2.  On December 20, 2022, I granted Plaintiff's motion to compel, in part, and ordered the Centurion Defendants to produce within 30 days "*all* Plaintiff's medical records from the requested time period to which it has access" (D.I. 56 at 2) (emphasis added), "*all* of Plaintiff's medical grievances from the requested time period," to the extent Centurion had access to them (*id.* at 3) (emphasis added), and "all relevant Centurion policies, directives, instructions, reports, and memos" (*id.* at 4).

3.  In a January 18, 2023 letter to me, counsel for the Centurion Defendants advised me that he had encountered issues with getting the medical records to Plaintiff because Plaintiff is now incarcerated in a facility in Florida; "Florida prisons do not allow prisoners to maintain possession of their medical records," subject to some exceptions. (D.I. 59 at 2). Counsel also advised me that he had requested and received a complete copy of Plaintiff's medical file "from 2019 to the present" from the DDOC, and explained in a footnote that he "only obtained copies from 2019 to the present since any claim prior to 2019 would be barred by the statute of limitation," and that, because Centurion "only began providing medical care at the State prisons on April 1, 2020, . . . Plaintiff's claims prior to April 1, 2020 would not be against Defendant." (*Id.* at 1 & n.1).

4.  In a January 27, 2023 letter, counsel for the Centurion Defendants advised me that, based on his review of the medical records, he recommended that I appoint Plaintiff counsel for the limited purpose of reviewing the medical files,

determining if they were appropriate for release to Plaintiff, and communicating with the warden of the Florida prison regarding any issues. (D.I. 61).

5. On February 14, 2023, I appointed counsel "for the limited purpose of assisting [Plaintiff] in obtaining access to the medical records that I . . . ordered to be produced" (D.I. 66), and then, on May 3, 2023, counsel was released from further obligation after having advised me that Plaintiff's medical records had been delivered to him. (D.I. 73).

6. On May 18, 2023, Plaintiff filed a motion requesting that I order the Centurion Defendants to comply with my December 20, 2022 Order. (D.I. 74). Therein, Plaintiff asserted that the Centurion Defendants had only produced the medical records from 2019 through December 2021, and had not produced any medical grievances. Plaintiff also asserted that the Centurion Defendants had failed to produce any policies, directives, instructions, reports, and memos related to Defendants' administration of medical care.

7. In the Centurion Defendants' June 9, 2023 response, counsel for Centurion explained that he connected Plaintiff's appointed counsel with the Deputy Attorney General representing the DDOC so that Plaintiff's counsel could obtain Plaintiff's medical records to review and produce to Plaintiff, and that defense counsel "had no more involvement with the production after that point and does not know what years were provided to Plaintiff." (D.I. 77 at 4). Counsel further explained that, despite the Court order that the Centurion Defendants produce all of Plaintiff's medical grievances from July 8, 2016 through December 2021, he had only requested from the DDOC the medical grievances dating back to 2019 because he had determined that

"any matters prior to 2019 (really April 1, 2020) were not relevant to the claims asserted by Plaintiff against the Centurion Medical Defendants and would be barred by the applicable statute of limitations." (*Id.* at 4-5). On May 25, 2023, five months after I ordered the Centurion Defendants to do so, and a week after Plaintiff had filed his motion requesting that I order the Centurion Defendants to comply with my December 20, 2022 Order, counsel for the Centurion Defendants mailed the medical grievances he deemed relevant to Plaintiff. (*Id.* at 5). In the response to Plaintiff's motion, counsel for the Centurion Defendants advised me that if I "deem[ed] it appropriate for Plaintiff to have his medical records and grievance files dating back to 2012, the Centurion Medical Defendants will request these documents from the Department of Correction." (*Id.* at 5).

8.  Included with the June 9, 2023 response to Plaintiff's motion was a June 8, 2023, letter to Plaintiff explaining that, five months after being ordered to do so, counsel for the Centurion Defendants was sending Plaintiff "the only individual policy, directive, or instruction relating to the care of inmates that Centurion of Delaware, LLC"—a policy titled "Infirmary Level Care." (D.I. 77-2 at 2).

9.  In his reply in support of his motion for further compliance, Plaintiff avers that rather than sending him his medical grievances from 2019 through 2021, as the Centurion Defendants represented in their response, they only sent his medical grievances from 2020 through 2021. (D.I. at 2).

10. To summarize, Plaintiff requested his medical records and medical grievances from broad ranges of times. The Centurion Defendants lodged no objections related to the ranges of times. I overruled the objections the Centurion Defendants *did* raise, and I ordered that them to produce the medical records and

medical grievances from the whole ranges of times requested. The Centurion Defendants did not seek reconsideration or modification of that Order. The Centurion Defendants requested and received from the DDOC medical records from a shorter range of time, their counsel having determined in his view that the full extent of my Order was not relevant. After Plaintiff only received via his appointed counsel records from the shorter range of time (the precise shorter range of time previously requested from the DDOC by counsel for the Centurion Defendants), Plaintiff requested that I order the Centurion Defendants to further comply with my Order. In response, counsel for the Centurion Defendants distanced himself from the shortened production period, by representing that his role had been limited to merely putting appointed counsel in contact with the DDOC. Five months after my December 20, 2022 Order, and prompted by Plaintiff's motion requesting that I order the Centurion Defendants to comply with my December 20, 2022 Order, the Centurion Defendants produced to Plaintiff his medical grievances from a shorter time range than I had ordered, counsel again having determined that the full extent of my Order was not relevant. At this point, instead of asking me to reconsider the range of the records I ordered to produce, counsel advised me that he would fully comply with my Order if I deemed it appropriate for him to do so.

11.   Counsel for the Centurion Defendants is sufficiently experienced that I should not need to say this. But apparently I do.   Full compliance with court orders is not optional. When a court enters an order, even an erroneous one, in the absence of modification of the order by the court, compliance is required. Thus, it is not only appropriate, but mandatory, that Defendants fully comply with the December 20, 2022 Order.

12. Plaintiff's motion requesting a ruling on his request for an order will be granted. I will grant Plaintiff's motion requesting that I order the Centurion Defendant's compliance with my December 20, 2022 Order, to the extent the motion seeks the remainder of the medical records and medical grievances, and deny the motion to extent it requests production of further policies, in light of the Centurion Defendants' representation that they have now produced the only relevant policy that exists.

13. Defendant's pending motion for summary judgment will be granted to the extent it argues that Plaintiff's request for injunctive relief is moot,[1] and otherwise dismissed without prejudice to refile following the completion of discovery. Plaintiff's motion stay summary judgment proceedings will be granted.

14. Plaintiff's request for appointed counsel will be denied without prejudice to renew, essentially for the same reasons I articulated in my January 21, 2022 Memorandum and Order denying the appointment of counsel. (D.I. 23, 24). Specifically, Plaintiff has ably represented himself in this matter and, though medical claims are at issue, they do not appear to be complex.

15. Counsel for the Centurion Defendants will be ordered to show cause why I should not impose a monetary sanction against him for his repeated failures to comply with my December 20, 2022 Order.

Now therefore, IT IS HEREBY ORDERED that:

---

[1] Given that Plaintiff is now incarcerated in Florida, Centurion of Delaware LLC had no ability to take action regarding his medical care, regardless of whether a separate corporate entity of Centurion is responsible for medical care in Florida prisons, as the parties have indicated.

1. Plaintiff's motion to order defendants to comply with memorandum order (D.I. 74) and Plaintiff's motion requesting ruling on request for order (D.I. 86) are **GRANTED** to the extent Plaintiff seeks production of the remainder of his medical records and medical grievances which I ordered produced in my December 20, 2022 Order. The request to order production of further policies is **DENIED.**

2. The Centurion Defendants are directed to produce within 30 days from the date of this Order all of Plaintiff's medical records and medical grievances from the requested time periods and to facilitate their delivery to Plaintiff in his Florida prison.

3. The Centurion Defendants' motion for summary judgment (D.I. 79) is **GRANTED** to the extent it argues that Plaintiff's request for injunctive relief is moot, and is otherwise **DISMISSED with leave to refile** after discovery is completed.

4. Plaintiff's motion to stay summary judgment motion (DI. 84) is **GRANTED**.

5. Plaintiff's request for appointed counsel (D.I. 95) is **DENIED without prejudice to renew**.

IT IS FURTHER ORDERED that within 30 days from the date of this Order, counsel for the Centurion Defendants shall show cause why I should not impose a monetary sanction of one thousand dollars against him for his repeated failures to comply with my December 20, 2022 Order.

_____
UNITED STATES DISTRICT JUDGE